CLEMMA ELLWANGER, APPELLEE, v. MINNIE R. W. GOSS ET AL., APPELLANTS.

FILED FEBRUARY 1, 1919. No. 20255.

Fraud: INSTRUCTION. Instruction set out in the opinion *held* free from error under the pleadings and proof as shown in the record.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*T. F. A. Williams,* for appellants.

*C. C. Flansburg,* contra.

MORRISSEY, C. J.

This is an action for damages, for false representations, made in negotiating certain notes and mortgages

to plaintiff.   There was judgment for plaintiff, and defendants appeal.

Defendants, who are wife and husband, were the holders of certain notes and mortgages, aggregating $2,450, which had been executed by one Asbury and wife.   The mortgages constituted second and third liens upon 80 acres of land in Nuckolls county.   Defendants indorsed these instruments to plaintiff, without recourse, in exchange for property owned by the latter.   At the time the transfer was made, defendants represented that the mortgages were ample security for the notes, and made specific statements relative to the quality and improved condition of the land.

The petition alleges that these representations were false; that the land was not ample security for the notes; and that its value, subject to the first mortgage thereon, did not exceed $900.   This action is brought to recover the loss resulting to plaintiff from the inadequacy of the mortgaged premises to satisfy the indebtedness secured.

While plaintiff was holding the notes and mortgages in question, the land was sold by the Asburys to one Mitchell, who assumed the mortgages, paid plaintiff $600 on the principal, and then defaulted.   Plaintiff thereupon instituted foreclosure proceedings, procured a decree and order of sale, and, in competitive bidding, purchased the equity in the premises, subject to the first mortgage, for $925.   A deficiency judgment for $1,320 was entered against Mitchell.   An execution was issued thereon and returned, "No goods found."   Thereafter plaintiff brought this action, still having in her possession the original notes, which the Asburys had executed.

The principal errors assigned by defendants center about the following instruction, given by the trial court:

"If, under the evidence and these instructions, you find for the plaintiff, then you will, from the evidence before you, ascertain and determine, as best you can, the difference, if any, between the actual value of said

notes and mortgages at the time plaintiff traded for them and the value they then would have had if said representations had been true. You will then deduct from this difference the $600 which plaintiff collected on the principal of said notes, and the $925 which she bid on said land at sheriff's sale, making a total to be deducted of $1,525, and, if there is any of said difference remaining, such remainder, together with 7 per cent. interest thereon from the 9th day of October, 1916—the date of said sheriff's sale—will be the true amount of plaintiff's recovery, if you find she is entitled to recover.''

It is contended that this instruction is erroneous, in not allowing the jury to consider the value of the Mitchell judgment, or the Asbury notes, in determining to what extent plaintiff was damaged by defendants' fraud. The opening paragraph of the instruction directs the jury to determine from the evidence the difference, if any, between the actual value of the notes and mortgage and the value they would have had if defendants' representations were true. Had defendants desired a more explicit statement, a suitable instruction ought to have been tendered, but this was not done.

The instruction is further attacked on the ground that it limited the deduction to be made from plaintiff's damages to the exact sum bid by her at the sheriff's sale. It is claimed that plaintiff subsequently sold the land, at private sale, for an amount greater than that paid by her, and that defendants were entitled to have this fact considered in the determination of the damage sustained. The pleadings do not aver, nor does the proof show what the net profit, if any, was. If defendants desired a finding on this question, it was their duty to put the matter in issue and then show by competent proof the net sum realized by plaintiff on the sale.

The record being free from error, the judgment is

AFFIRMED.